# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs September 14, 2011

## STATE OF TENNESSEE v. WESLEY TRENT REAVES

**Appeal from the Circuit Court for Wayne County**
**No. 14905    Stella Hargrove, Judge**

---

**No.  M2011-00073-CCA-R3-CD - Filed July 12, 2012**

---

A Wayne County jury convicted Appellant, Wesley Trent Reaves, of theft of property worth more than $1,000 but less than $10,000.  The trial court sentenced Appellant to eight years as a Range II, multiple offender.  On appeal, Appellant argues that the evidence was insufficient to support his conviction because the State's witnesses were mistaken or lied during their testimony at trial and that the trial court erred in imposing an eight-year sentence because it failed to apply a mitigating factor.  We conclude that the evidence was sufficient to support the conviction and that the trier of fact is the sole arbiter of the credibility of the witnesses.  We also determine that although the trial court erred in failing to apply the mitigating factor in question, Appellant's criminal history more than supports the imposition of an eight-year sentence.  Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

R.H. Stovall, Jr., Assistant Public Defender, Pulaski, Tennessee, for the appellant, Wesley Trent Reaves.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike Bottoms, District Attorney General, and Doug Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On May 3, 2010, William Rogers and his son-in law, Adam Hollis, were riding a four-wheeler around their area to see the flood damage. While riding around, they saw Appellant's truck on land belonging to James Melson, the victim. The truck was empty when they saw it. About an hour later, they saw Appellant's truck driving away from Mr. Melton's property. The truck was loaded with property Mr. Rogers recognized from Mr. Melton's barn including two eighteen wheeler truck fenders.

Jack Beckham is also one of the victim's neighbors. He saw Appellant driving near the victim's property. Mr. Beckham saw that Appellant had aluminum fenders for an eighteen wheeler. Mr. Beckham recognized the fenders as having been in the victim's barn.

Mr. Rogers called the victim to inform him that he saw Appellant taking the victim's property. The victim called the police and met them at his barn. When the victim arrived, he noticed that he was missing full fenders for an eighteen wheeler, a disc, a grater blade, steel posts for a chain link fence, and some sheet metal. Mr. Rogers estimated the total value of the property taken at around $1,300.

At the trial, Appellant agreed that he was on the victim's property on the day in question. Appellant stated that he was hauling scrap for someone else and his truck was full with that scrap. Appellant denied that he had taken anything from the victim.

Based on the evidence above a Wayne Court jury convicted Appellant of theft of perperty valued over $1,000 but less than $10,000. At the conclusion of a sentencing hearing, the trial court sentenced Appellant to an eight-year sentence as a Range II, multiple offender.

## ANALYSIS

### Sufficiency of the Evidence

On appeal, Appellant argues that the evidence was insufficient because "the [S]tate's witnesses were mistaken or lying when they testified they observed him hauling bright polished fenders away from the victim's barn."

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Appellant argues that the witnesses were mistaken or lied at trial. As stated above, it is up to the jury to determine the credibility of the witnesses at trial. *See Pruett*, 788 S.W.2d at 561. There were witnesses presented by both the State and the defense. The jury clearly found the State's witnesses to be more credible. We do not find the evidence insufficient based upon this argument.

According to the law in Tennessee, theft occurs when, "[a] person . . . with intent to deprive the owner of property, . . . knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. "Theft of property . . . is: . . . [a] Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000) . . . ." T.C.A. § 39-14-105(3).

When the evidence is taken in a light most favorable to the State, it shows that Appellant was seen by at least three witnesses with property the witnesses recognized as previously being in the victim's barn. The victim testified that he did not give consent to

Appellant to take the property and that to replace the eighteen-wheeler fenders alone would cost him $1,000. He also valued the remaining property at $300. Therefore, the evidence is sufficient to support a conviction of theft of property over $1,000 but less than $10,000.

This issue is without merit.

## Sentencing

Appellant also argues that the trial court erred in sentencing him by not applying mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury. The State argues that the trial court did not err.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, a trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). When imposing the sentence within the appropriate sentencing range for the defendant:

[T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

"The amended statute no longer imposes a presumptive sentence." *Carter*, 254 S.W.3d at 343. As a result of the amendments to the Sentencing Act, our appellate review of the weighing of the enhancement and mitigating factors was deleted when the factors became advisory, as opposed to binding, upon the trial court's sentencing decision. *Id.* at 344. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. *Id.* The trial court's weighing of various mitigating and enhancement factors is now left to the trial court's sound discretion. *Id.*

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See id.* at 343; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that "the trial court appl[ied] inappropriate mitigating and/or enhancement factors or otherwise fail[ed] to follow the Sentencing Act, the presumption of correctness fails" and our review is de novo. *Carter*, 254 S.W.3d at 345.

In the case at hand, the trial court found that one enhancement factor applied, that the defendant has a previous history of criminal convictions or criminal behavior in addition to

those necessary to establish the appropriate range. *See* T.C.A. § 40-35-114(1). The trial court specifically stated that it found no mitigating factors. As stated above, Appellant argues that the trial court should have applied mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury. The mitigating factor was raised by Appellant at the sentencing hearing, and the trial court did not set out why this factor did not apply. Because the trial court did not address why this mitigating factor did not apply, our review of Appellant's sentence is de novo.

After reviewing the record on appeal, including the presentence report, we conclude that even with the application of the mitigating factor in question, the eight-year sentence imposed by the trial court was appropriate.

As the trial court stated, Appellant has been a thief for at least eleven years from the ages of 20 to 31. His first conviction as an adult was at the age of 21. He had six prior felonies. Five of the felonies occurred in Tennessee, and one occurred in Alabama. Five of his prior felonies are thefts or burglaries. Appellant also has a conviction for misdemeanor theft. He also has many misdemeanor convictions for driving under the influence, sale or possession of drugs, and multiple hunting regulation violations. In addition, Appellant has a violation of probation. Appellant's criminal history demonstrates a clear disregard for the law. We conclude that enhancement factor (1) more than amply supports the eight-year sentence regardless of the application of mitigating factor (1).

Therefore, we affirm the imposition of the eight-year sentence.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE